```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JEFFREY LECLAIR,

    Petitioner,

v.                                Case No. 2:21-cv-752-JES-NPM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## OPINION AND ORDER

    This case is before the Court on a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Jeffrey LeClair ("Petitioner" or "LeClair"), a prisoner of the Florida Department of Corrections. (Doc. 1). The Secretary of the Florida Department of Corrections ("Respondent") filed a response opposing the petition and asking the Court to dismiss it as untimely filed. (Doc. 13). Despite having an opportunity to do so (Doc. 4 at 6), LeClair did not file a reply.

    After carefully reviewing the parties' briefs and the entire record before this Court, the Court dismisses the petition with prejudice as untimely filed.

        **I.**    **Background and Procedural History**

    On September 17, 2014, a jury found LeClair guilty of three counts of sexual battery on a child less than twelve years of age, in violation of Florida Statute § 794.011(2). (Doc. 14-2 at 74-76, 740-41). The trial court sentenced LeClair to three

concurrent terms of life imprisonment.  (Id. at 125-34).  On March 9, 2016, Florida's Second District Court of Appeal ("Second DCA") affirmed LeClair's convictions and sentences per curiam without a written opinion.  (Doc. 14-2 at 70); LeClair v. State, 209 So. 3d 581 (Fla. 2d DCA 2016).

On August 22, 2016, LeClair filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  (Doc. 14-3 at 74).  The Second DCA denied the petition on November 14, 2016.  (Id. at 89); LeClair v. State, 229 So. 3d 334 (Fla. 2d DCA 2016).

On January 26, 2017, LeClair filed a postconviction motion under Rule 3.850 of the Florida Rules of Criminal Procedure.  (Doc. 14-3 at 91).  He filed a supplemental motion on February 2, 2017 (collectively, "Rule 3.850 Motion").  (Id. at 127).  After holding an evidentiary hearing, the postconviction court denied LeClair's Rule 3.850 Motion on November 9, 2018.  (Id. at 267).  The Second DCA affirmed per curiam on August 14, 2020.  (Id. at 366); LeClair v. State, 304 So. 3d 327 (Fla. 2d DCA 2020).  Mandate issued on November 4, 2020.  (Id. at 394).

On October 4, 2021, LeClair provided his federal habeas petition to prison officials for mailing.  (Doc. 1).[1]

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). In this case, the petition was stamped as provided to Calhoun

## II.  Discussion

Respondent argues that the petition should be dismissed as untimely. (Doc. 13 at 1). This Court agrees. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitation for habeas corpus proceedings. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of four possible start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). LeClair does not allege—nor does it appear from the Court's liberal construction of his filings or independent review of the record—that any statutory trigger in sections

---

Correctional Institution for mailing on October 4, 2021. (Doc. 1 at 1).

3

2244(d)(1)(B)-(D) applies. Accordingly, LeClair's limitation period is calculated from the date his state judgment became final. Id. § 2244(d)(1)(A).

### A. LeClair's habeas petition was filed more than one year from the date his conviction and sentence became final.

The Second DCA affirmed LeClair's convictions and sentences on March 9, 2016. Because LeClair then had 90 days to seek certiorari review of the Second DCA's decision by the Supreme Court of the United States, his judgment became final on June 7, 2016—90 days after March 9, 2016. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts [the 90-day window] for seeking Supreme Court review" under 28 U.S.C. § 2244(d)(1)(A)).

LeClair's one-year statute of limitation then began to run on June 8, 2016, and he had through June 8, 2017 to file his federal habeas petition. See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitation period begins to run on day after triggering event); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]he limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run."); Fed. R. Civ. P. 6(a)(1)(A).

LeClair filed this habeas petition on October 4, 2021, and

4

absent statutory or equitable tolling, it was more than four years—1579 days—late. 28 U.S.C. § 2244(d)(1)(A).

**B. LeClair is not entitled to statutory tolling of AEDPA's statute of limitation.**

AEDPA's statute of limitation may be tolled in certain situations. For example, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(2).

LeClair filed a state habeas petition alleging ineffective assistance of appellate counsel on August 22, 2016, after 75 days of his limitation period had passed. LeClair did not request rehearing, so this state habeas petition tolled AEDPA's clock until November 14, 2016, when the Second DCA denied the petition. See Moore v. Sec'y, Fla. Dep't of Corr., 762 F. App'x 610, 620 (11th Cir. 2019) ("[A]n unappealed state habeas petition initially filed in a Florida intermediate appellate court remains pending for AEDPA purposes until the intermediate appellate court denies a rehearing, if one is requested.")

Another 73 un-tolled days passed before LeClair filed his initial Rule 3.850 Motion on January 26, 2017. This motion remained pending until mandate issued on November 4, 2020, at which time LeClair had 217 remaining days to file his federal habeas

5

corpus petition. Accordingly, his limitation period expired on June 10, 2021.

In sum, even after applying all available statutory tolling, LeClair's October 4, 2021 federal habeas petition was 117 days late.

### C. LeClair is not entitled to equitable tolling of AEDPA's statute of limitation.

AEDPA's one-year limitation period may also be equitably tolled in certain cases. As a general matter, equitable tolling may apply if a petitioner shows that he has pursued his rights diligently and that some "extraordinary circumstance" stood in his way to prevent timely filing of his habeas petition. See Holland v. Florida, 560 U.S. 631, 649 (2010). LeClair does not argue—and the record before this Court does not suggest—that he pursued his rights diligently. Moreover, LeClair does not identify an extraordinary circumstance that prevented timely filing. Rather, he did not address timeliness in his petition, and he did not reply to Respondent's request to dismiss the petition as time-barred. LeClair simply has not shown, or even attempted to show, diligence or an "extraordinary circumstance" to support equitable tolling of AEDPA's one-year statute of limitation. See Holland, 560 U.S. at 649.

Next, the Supreme Court has held that a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitation. McQuiggin v. Perkins,

6

569 U.S. 383, 386 (2013). However, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. The McQuiggin Court "stress[ed] . . . that the Schlup standard is demanding" and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" 569 U.S. at 401 (quoting Schlup, 513 U.S. at 316).

LeClair raises three grounds for relief in his petition:

(1) The trial court erred by denying defense counsel's motion to continue;

(2) Counsel was ineffective for advising LeClair to reject a plea offer; and

(3) Counsel was ineffective for failing to call witnesses at trial.

(Doc. 1 (restated)). Nowhere in his petition does LeClair claim, or present new evidence showing, that he is actually innocent of the crimes for which he was convicted. See Schlup, 513 U.S. at 324. Accordingly, McQuiggin's actual innocence exception cannot

7

operate to excuse LeClair's failure to timely file his federal habeas petition.

### III. Conclusion

Based on the foregoing, the Court concludes that LeClair's 28 U.S.C. § 2254 petition was filed after the expiration of AEDPA's one-year limitation period. Furthermore, LeClair is neither entitled to statutory nor equitable tolling of the limitation period.

Accordingly, it is ordered that:

1. The 28 U.S.C. § 2254 petition filed by Jeffrey LeClair (Doc. 1) is **DISMISSED with prejudice** as time barred.

2. The Clerk is **DIRECTED** to enter judgment for Respondent, deny any pending motions as moot, terminate any deadlines, and close this case.

### Certificate of Appealability[2]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a "circuit justice or judge" must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.

8

To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 276 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Further, to obtain a COA when, as here, dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

LeClair has not made the requisite showing in these circumstances and is not entitled to a COA. And it follows that because LeClair is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida on February 1, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:    Jeffrey LeClair, Counsel of Record

9